# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| BANCORPSOUTH BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-CV-03390-DGK |
| | ) | |
| ROBERT LYNN HALL (individually and as | ) | |
| Trustee of the Robert Lynn Hall | ) | |
| Revocable Trust), | ) | |
| VICKI B. HALL (individually and as Trustee | ) | |
| of the Nicole Lynn Styant Revocable Trust), | ) | |
| ROBERT LYNN HALL, Jr., | ) | |
| STEVEN SCOTT HALL, | ) | |
| HUNTER'S POINT, LLC, and | ) | |
| M & L HOLDING COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING RULE 39(b) REQUEST FOR JURY TRIAL

Before the Court is Defendant's Motion for Order Granting Trial by Jury (doc. 27). By operation of Federal Rule of Civil Procedure 38, the window for Defendants to request a jury trial closed November 12, 2010. Counsel for Defendants overlooked this deadline and now requests the Court exercise its discretion to order a jury trial in this matter under Rule 39(b). Plaintiff opposes the request.

Although Rule 39(b) invests the Court with broad discretion, some helpful factors to consider are (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in disruption of the Court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of delay in having requested the jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *See Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.*, 143 F.R.D. 206, 212 (S.D.

Iowa 1992). With respect to the first factor, this is not a case where the issues are particularly suited to a jury trial. The issues here are primarily legal, for example, whether the loans at issue were secured or unsecured, and if there is liability whether equitable relief is appropriate. Although the Court will have to assess Defendant Lynn Hall's intent in carrying out certain transactions, it will be doing so under the guidance of Missouri's Uniform Fraudulent Transfer Act, which specifically allows a court to infer fraudulent intent from objective indicia. There is no reason to believe that a collection of citizens will make a better determination regarding these criteria than a single judge. *See AT&T Corp. v. Holsman*, No. 4-00-CV-10425, 2001 WL 739577, at *2 (S.D. Iowa April 12, 2001). As for the second and third factors, while granting the motion would not disrupt the Court's schedule or prejudice any party, the Court believes it will be able to resolve this dispute more efficiently if this were a bench tried case. Civil jury trials often need to be rescheduled to accommodate criminal trials, but a bench tried case can almost always be heard at the first trial setting. With respect to the fourth and fifth factors, while Defendants' delay in requesting a jury trial has been minimal, the reason for movant's tardiness—inadvertence—is not compelling. *See Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980) (suggesting inexperience is not a justification).

Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Date:  February 7, 2011            /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT